**ANGELIQUE LAMBERTI -CLARK**
P.O. Box 50070
Sparks, Nevada 89435
Telephone (775) 626-7084

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No.  12-51638 BTB |
| | Chapter 7 |
| THE ROCKLAND GROUP, LLC | MOTION FOR ORDER AUTHORIZING THE SALE OF ESTATE ASSETS |
| | HEARING DATE:  May 20, 2015 |
| | AND TIME:        10:00 a.m. |
| Debtor (s). | TIME REQ'D:    15 MINS |
| _____/ | |

    Angelique Lamberti-Clark, the duly appointed and acting Trustee of the Debtor's Estate, hereby moves this Court for an order allowing her to sell certain property of the Estate (to be described herein).  This Motion is brought under the authority of FRBP 9014 and 11 U.S.C. §363(b).

    1.    The Debtor is a Nevada limited liability company.

    2.    One of the assets of the Debtor's Estate is a fifty percent (50%) membership interest in another Nevada limited liability company known as Rock West, LLC ("Rock West").

    3..    On July 7, 2010, an Agreement of Purchase and Sale was entered into by and between Western Nevada Materials, LLC and TSV Properties, LLC (the "PSA").  A copy of the PSA is attached hereto as Exhibit A.

    4.    Although neither the Debtor nor Rock West was a party to the PSA, a provision in the PSA (section 3.02(a)) mentions Rock West in connection with a payment to be made in

relation to a non-compete clause. Arguments could be made that the Debtor has indirect or derivative rights to part of the payment to be made to Rock West in connection with the non-compete clause on account of the Debtor's membership interest in Rock West.

5. The Trustee has received an offer from a Mr. Stan Lucas to purchase the Debtor's interests in the PSA and its membership interest in Rock West. A copy of the written offer is attached hereto as Exhibit "B" (the "Offer"). The Offer makes specific reference to certain sections of the PSA (hereinafter the "Contractual Provisions) and the Debtor's "50% share of Rockwest LLC [sic]."

6. The Trustee knows that she can sell the Estate's fifty percent (50%) membership interest in Rock West, but she does not know for certain that the Debtor has any interests, direct or indirect, to the Contractual Provisions that can be sold. Again, if the Estate has any rights under the PSA it would only be on account of its membership interest in Rock West. The Estate's fifty percent (50%) interest in Rock West and any rights and/or liabilities that relate thereto or are attributable thereto, either directly or indirectly, shall be referred to herein as the "Property." Accordingly, regardless of how the assets are described in Mr. Lucas' letter (Exhibit "B"), the Trustee is selling the Estate's membership interest in Rock West and any rights or liabilities that relate thereto or are attributable thereto, and if those rights include the Contractual Provisions identified in Mr. Lucas's offer, so be it, but the Trustee is not making any representations or warranties regarding the Debtor's rights under those Contractual Provisions or any other rights that may be attributable to, directly or indirectly, the Debtor's membership interest in Rock West.

7. The Trustee proposes to sell the Property pursuant to 11 U.S.C. §363(b) to Mr. Lucas for $50,000 or to the highest cash bidder following an auction to be conducted by this Court at the hearing on this Motion.

8. Mr. Lucas or any other higher bidder at the auction are hereby advised that the Trustee is not making any representations or warranties to the ultimate buyer of any kind or nature whatsoever, express or implied, and Mr. Lucas or any other interested bidder must make his/her own determinations as to the nature, extent, quality and rights and liabilities attributable to the Debtor's membership interest in Rock West, LLC.

9. This sale is without the cost or fees of a professional person. The offer was made directly to the Trustee by an interested party.

10. The claims bar date has passed and only two claims have been filed. Both from Rock West by Piner Holdings successor to Western Nevada Material (joint member with Rockland in the ownership of Rock West). A complete copy of this motion will sent by regular mail and electronic mail to Michael Hoy, Esq., counsel for the filing entities.

11. Given the unusual nature of this offer, and the assets/interest which are being sold, a copy of the motion and notice will be provided to TSV, Teichert Construction Company, Piner Holdings successor to WNM, and any other parties, to which this sale may have an effect, to the best of the trustee ability to determine their interest and current addresses. For those parties-in-interest whom have filed bankruptcy, the motion and notice will be served on their respective Trustee.

12. The Trustee has been advised that an interested party is desirous presenting an overbid at the hearing. Should this be the case, the Trustee request that the terms remain as stated herein, and the Court make its determination as to the bidding increments. Further that the parties are to have the final bid funds to the Trustee in certified funds within 24 hours of the Court hearing. Should the successful bidder fail to comply, the second highest offer will have an additional 24 hours to deposit the funds.

**CONCLUSION**

The Trustee is requesting the sale of the Estate's fifty percent (50%) membership interest in another Nevada limited liability company known as Rock West, LLC, for the cash sum of $50,000.00 to Stan Lucas, and makes no representations or warranties as to the assets being sold. The Purchaser shall satisfy himself as the nature of these rights and interest. The sale is without professional fees or costs. Within 24 hours of the Court's hearing approving the sale, the Purchaser

will deposit the approved sales amount in certified funds with the Estate. The Purchaser shall further submit the assignment documents required to complete the transfers.

**WHEREFORE**, the Trustee requests the entry of an order authorizing the foregoing sale; authorizing her to execute any and all documentation necessary on behalf of the estate to complete these transactions; and, granting such other and further relief as the Court deems appropriate.

Dated: April 13, 2015

/s/ Angelique Lamberti Clark

Angelique Lamberti Clark, Trustee